12/3/2019 3:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38939938
By: Tahj Wimbley
Filed: 12/3/2019 3:57 PM

## 2019-85835 / Court: 125
### CAUSE NO. _____

| | | |
|---|---|---|
| SCARLET HAWKINS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| UBER TECHNOLOGIES, INC., | § | |
| RAISER, LLC, | § | |
| and | § | |
| PROGRESSIVE CASUALTY INSURANCE | § | |
| COMPANY | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND and REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **SCARLET HAWKINS**, Plaintiff in the above entitled and numbered cause, complaining of and against **UBER TECHNOLOGIES, INC., RAISER, LLC, and PROGRESSIVE CASUALTY INSURANCE COMPANY**, Defendants herein, and for causes of action would respectfully show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

1.0 Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190.

### II. PARTIES

2.0 Plaintiff is a resident of Harris County, Texas.

2.1 Defendant, **UBER TECHNOLOGIES, INC.** is a Foreign For-Profit Corporation doing business in the State of Texas and may be served with service of process by serving its Registered Agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

2.2 Defendant, **RAISER, LLC** is a Foreign For-Profit Corporation doing business in the State of Texas and may be served with service of process by serving its Registered Agent, CT

EXHIBIT "A"

Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

2.3     Defendant, **PROGRESSIVE CASUALTY INSURANCE COMPANY**, is a Foreign For-Profit Corporation doing business in the State of Texas and may be served with service of process by serving its Registered Agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

### III. JURISDICTION & VENUE

3.0     Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 *et seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in Harris County, Texas. This Court has jurisdiction over the parties and subject matter hereof, as the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### IV. FACTS

4.0     On or about December 1, 2018, Plaintiff was lawfully driving a 2014 Buick Verano, traveling in the second lane in the 2400 block of the East Freeway service road and the 1000 block of Jensen Drive, an intersection located in Houston, Harris County, Texas. At the time question, an Unknown Driver was traveling in a 2014 Chevrolet, traveling in the same direction. The Unknown Driver failed to control speed, striking Plaintiff's vehicle. Defendant, Unknown Driver then fled the scene without exchanging any information with the Plaintiff.

4.1     As a result of the Unknown Driver's negligent acts and omissions, Plaintiff sustained personal injuries requiring medical treatment. The collision forming the basis of this suit was proximately caused solely by the negligence of the Unknown Driver ("tortfeasor" or "uninsured tortfeasor").

## V.
### FIRST CAUSE OF ACTION
### NEGLIGENCE OF DEFENDANT UNKNOWN DRIVER

5.0    At the time of the collision made the basis of this suit, Defendant, Unknown Driver, was

operating the aforementioned vehicle in a negligent and careless manner in the following respects

which, among others, may be shown at the trial of this cause:

1.    In failing to keep a proper lookout and in willful and wanton disregard for the safety of persons and property in violation of TEX. TRANSP. CODE ANN. §545.053;
2.    Driver inattention;
3.    In failing to control speed;
4.    In failing to operate their vehicle in obedience to traffic laws and regulations;
5.    In failing to timely swerve or otherwise maneuver his vehicle, so as to avoid the collision made the basis of this suit; and
6.    In failing to operate the vehicle in a reasonable and prudent manner.

5.1    Each of these acts and omissions, singularly or in combination with others, constitute

negligence which was the proximate cause of this incident, and the injuries and damages sustained

by Plaintiff as stated below.

## VI.
### LIABILITY OF PROGRESSIVE CASUALTY INSURANCE COMPANY, UBER
### TECHNOLOGIES, INC. and RAISER, LLC.

6.0    On December 1, 2018, the date of the incident, Plaintiff was covered by insurance issued

by Defendants for the period encompassing the date of the collision. This policy included

coverage for uninsured motorist coverage, which provided coverage in the event an uninsured

negligent third party ("tortfeasor") caused an auto collision, as in the case at hand.

6.1    Under the terms and provisions of this policy/contract with Defendants, Plaintiff is

entitled to receive the maximum UM benefits believed to be at least $1,000,000.00 per person

under the Policy of insurance issued by Defendants. Plaintiff is a valid "covered person" under

this policy at the time of the occurrence in question and sustained damages in excess of the

liability insurance coverage for the other driver. Plaintiff therefore is entitled to collect benefits

provided by the policy of Defendants and for such benefits she now sues. Nonetheless, despite being aware of all the underlying facts, circumstances and damages, without reasonable basis Defendants have failed and refused to pay the amounts due to Plaintiff and honor its obligation under the terms of the UM policy it issued.

6.2    All conditions precedent for bringing this suit and to establish Plaintiff's entitlement to UM benefits under Plaintiff's UM policy have been performed or have occurred.

6.3    At all pertinent times, a valid and enforceable contract between Plaintiff and Defendants was in full force and effect.

6.4    Defendants were timely informed of the loss and that Plaintiff intended to make a claim for UM benefits of the issued contract/policy. Plaintiff's claim was presented to Defendants and was fully documented by Plaintiff. In derogation of their duty, Defendants materially breached its contractual duty to Plaintiff by failing to pay Plaintiff an amount sufficient to compensate Plaintiff for the injuries and damages sustained as a result of the collision made the basis of this suit.

6.5    As a proximate result of the material breach by Defendants, Plaintiff suffered consequential damages, including the denial of benefits due to her under the terms of the uninsured motorists' policy, and including court costs and legal expenses, such as reasonable attorneys' fees.

### VII. DAMAGES

7.0    Said elements of damage which Plaintiff seeks to recover from Defendant include compensation for the following:

1.    The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial;

2.    The physical pain and mental anguish that Plaintiff will suffer in the future;

3.    Loss of earnings sustained by Plaintiff from date of injury to time of trial;

4.    Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

5.    Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

6.    Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

7.    Past and future physical disfigurement; and

8.    Past and future physical impairment.

As such, Plaintiff affirmatively pleads that she seeks monetary relief over $200,000.00, but not more than $1,000,000.00.

## VIII. REQUEST FOR JURY TRIAL

8.0    Plaintiff requests a jury trial.

## IX. ALTERNATIVE PARAGRAPH NO. 1

9.0    In the alternative, Plaintiff would show that if any injury and/or condition from which she currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of Defendants herein.

## X. ALTERNTIVE PARAGRAPH NO. 2

10.0    In the alternative, Plaintiff would show that if she suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of Defendant herein.

## XI.    REQUEST FOR DISCLOSURE

11.0    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within fifty (50) days of service of this document, the information or material described below.  Please serve your responses on counsel representing this Plaintiff, and produce true and

correct copies of all documents and other tangible items with your responses, in accordance with

Rule 194.4.

11.1    Plaintiff requests disclosure of the following, pursuant to Rules 194.2(a) through 194.2(l):

    (a)    the correct names of the parties to the lawsuit;

    (b)    the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of Defendants' claims or defenses;

    (d)    the amount and any method of calculating economic damages;

    (e)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

    (f)    for any testifying expert:

        (1)    the expert's name, address, and telephone number;

        (2)    the subject matter on which the expert will testify;

        (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of Defendants, documents reflecting such information;

        (4)    if the expert is retained by, employed by, or otherwise subject to the control of Defendants:

            (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

            (B)    the expert's current resume and bibliography;

    (g)    any discoverable indemnity and insuring agreements;

    (h)    any discoverable settlement agreements;

    (i)    any discoverable witness statements;

    (j)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the

disclosure of such medical records and bills;

(k)     in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(l)     the name, address, and telephone number of any person who may be designated as a responsible third party.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to answer and appear herein, and that upon final trial hereof, Plaintiff has and recovers judgment against Defendants, jointly and severally, in an amount determined by a jury to be a sum over $200,000.00, but not more than $1,000,000.00, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which Plaintiff deemed justly entitled, at law and in equity.

Respectfully submitted,

By: _____

Richard J. Nava
SBN: 24083552
4909 Bissonnet St., Ste. 100
Bellaire, Texas 77401
713/661-9900
713/666-5922 Facsimile
eservicerjn@stern-lawgroup.com

ATTORNEY FOR PLAINTIFFS